UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELECTRONIC EVIDENCE
DISCOVERY, INC.,

    Plaintiff,

  v.

REGINA CHEPALIS,

    Defendant.

Case No. C07-1929RSL

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

This matter comes before the Court on a motion for a temporary restraining order (Dkt. #3) filed by plaintiff Electronic Evidence Discovery, Inc. ("EED") to restrain its former employee, Regina Chepalis, from disclosing its trade secrets and from working for what EED alleges is a competitor in violation of her employment agreement with EED. Chepalis responded to the motion on December 11, 2007. For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

**A.    Background Facts.**

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 1

1    EED provides services and software products related to the fields of civil,
2 criminal, and regulatory discovery, corporate investigations, regulatory compliance, data
3 management, and document management. It has clients located across the country and in
4 Europe.

5    Chepalis began working for EED in 2005 as VP of Regional Operations. As a
6 condition of her employment, EED required her to sign an employment agreement, which
7 she did ('the "agreement"). In the agreement, Chepalis agreed (1) to maintain EED's
8 confidential and proprietary information; (2) not to solicit or encourage directly or
9 indirectly employees or customers from terminating their relationship with EED for one
10 year after her employment ended; and (3) not to compete directly or indirectly with EED
11 for one year after her employment ended. Chepalis was promoted to Chief Operations
12 Officer in 2006. As COO, she was one of the company's three highest ranking
13 employees. She was responsible for overseeing EED's operations on a company-wide
14 basis, including formulation of strategic plans, product plans, sales plans, and operating
15 plans. Her duties also required her to become familiar with substantial confidential and
16 proprietary information and trade secrets regarding EED's strengths, weaknesses, and
17 operational and acquisition plans and strategies.

18    On October 22, 2007, Chepalis notified EED's CEO that she had accepted an offer
19 of employment with Poorman-Douglas in Portland, Oregon. On or around November 13,
20 2007, EED learned that Poorman-Douglas had been acquired almost four years ago by
21 Epiq Systems. Chepalis currently works for Epiq Class Action and Claims Solutions, Inc.
22 ("Epiq Class Action"), a wholly owned subsidiary of Epiq Systems. EED asserts that
23 Chepalis misrepresented her employment plans.

24    Chepalis now works for Epiq Class Action as "general manager." She is

25

26 ORDER DENYING MOTION FOR A
   TEMPORARY RESTRAINING ORDER - 2

1  responsible for its operations in support of its class action services provided to law firms
2  and government agencies.

3  **B.    Analysis.**

4      A party is entitled to injunctive relief when it demonstrates (1) the combination of
5  probable success on the merits and the possibility of irreparable injury, or (2) the
6  existence of serious questions regarding the merits and the balance of hardships tips
7  sharply in its favor.  See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir.
8  1992).  Each of these tests "requires an examination of both the potential merits of the
9  asserted claims and the harm or hardships faced by the parties." Sammartano v. First
10 Judicial Dist. Court, in and for County of Carson City, 303 F.3d 959, 965 (9th Cir. 2002).
11 These are not separate tests, but rather represent a continuum of equitable discretion "in
12 which the required probability of success on the merits decreases as the degree of harm
13 increases." Westlands Water Dist. v. Natural Res. Def. Council, 43 F.3d 457, 459 (9th
14 Cir. 1994).

15     Restrictive employment covenants are disfavored in Washington.  See, e.g.,
16 Organon, Inc. v. Hepler, 23 Wn. App. 432, 436 n.7 (1979).  A court will enforce a
17 restrictive covenant only "to the extent that such restriction is reasonable and necessary to
18 protect a legitimate business interest of the employer." Wood v. May, 73 Wn.2d 307,
19 312 (1968).

20     EED argues that the scope of the restrictive covenant in the agreement is
21 reasonable.  Even if it is, EED must show a probability that it will succeed on the merits
22 of its claim that Chepalis has breached or is about to breach the agreement.  The mere
23 fact that Chepalis has protectable information does not mean that she will use that
24 information in a way that violates the agreement.  EED has not provided any evidence

25

26 ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 3

that Chepalis has or will (1) divulge its proprietary information and/or trade secrets, (2) solicit its clients, or (3) solicit its employees. Chepalis denies that she has solicited any client of EED, used any of EED's confidential information during her new employment, or hired or tried to hire any EED employees. Her new job duties do not include marketing, sales, or recruitment.

EED also argues that Epiq Class Action is its direct competitor, but the record does not support that assertion. None of the declarations EED filed states that those two entities are competitors or that EED provides class action services. In fact, EED's CEO had never heard of Poorman-Douglas until Chepalis told him she intended to work for that company. Specifically, EED is involved in "supporting corporations and their outside law firms' eDiscovery activities." Declaration of Kenneth Sokol, (Dkt. #8) at ¶ 13. The agreement prohibits Chepalis from working for any entity that provides "electronic discovery and/or document management services for the purpose of litigation" or "that produces or provides software for management of information for litigation." Agreement at ¶ 7(b). In contrast, Epiq Class Action does not provide electronic discovery or document recovery and management services. It provides class action claimant outreach, class action notifications, class action claims verification and analysis, and disbursement of class action payments to class members. Declaration of Regina Chepalis, (Dkt. #12) at ¶ 7.

Rather than showing that Epiq Class Action competes with EED, the record shows that *Epiq Systems* is a competitor.[1] To overcome that hurdle, EED frequently refers to the

---

[1] Because Epiq Systems and Epiq Class Action are separate legal entities and Epiq Class Action does not compete with EED, the inevitable disclosure doctrine would not apply in this circumstance even if it was recognized in Washington.

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 4

operations of both Epiq Systems and Epiq Class Action as if they are a single entity, but they are separate legal entities. Chepalis only works for Epiq Class Action. She does not work for or provide any services to Epiq Systems or Epiq eDiscovery Solutions, Inc., which is the Epiq Systems subsidiary that provides e-discovery services. EED also argues that the two businesses are joint employers. EED argues that the two companies "are highly integrated in their operation and management and freely share information and strategy on an enterprise-wide basis," but the documents they provided do not support that proposition. Motion at p. 6. The fact that the two companies serve some of the same clients does not show that they are legally the same employer.

In addition, the balance of hardships does not tip in EED's favor. Chepalis is the sole income provider for her family, which includes a young child. Chepalis also notes that if the agreement was interpreted in the way EED advocates to preclude her from working with services that EED does not offer, it would preclude her entirely from working in the field of litigation support. She has worked in that field for 24 years. Accordingly, the Court finds that EED is not entitled to a temporary restraining order.

The Court therefore considers EED's request for expedited discovery. EED seeks an order permitting it to (1) depose Chepalis on or before December 14, 2007; (2) issue written discovery and require Chepalis to respond within five days of service; and (3) obtain a Rule 34 inspection of Chepalis' personal computer hard drives and email accounts within five days of service of a request for the same. The Rules allow the Court to order expedited discovery. EED has not made a showing sufficient to justify granting the sweeping and expedited discovery it seeks. However, it is apparent that Chepalis is working in the field of litigation support, which is the same field in which EED operates. EED has also shown that if Chepalis is violating the agreement, it would suffer serious

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 5

1 consequences which would be exacerbated by the passage of time.  EED is entitled to
2 learn more about Epiq Class Action and Chepalis' job duties on an expedited basis.
3 Accordingly, the Court will set an expedited schedule for the parties to confer and
4 exchange initial disclosures, after which they may commence discovery.

### III.  CONCLUSION

6 Plaintiff has failed to carry its burden and the Court therefore DENIES the motion
7 for a TRO (Dkt. #3).  EED may, after conducting discovery, file a motion for a
8 preliminary injunction.

10 DATED this 13th day of December, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 6