**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
CHIEF JUDGE                                                          (206) 370-8810


January 15, 2008


**Delivered Via CM/ECF**

      RE:   <u>Electronic Evidence Discovery, Inc. v. Chepalis</u>, C07-1929RSL
            Stipulated Protective Order


Dear Counsel:

On January 14, 2008, the Court received your proposed Stipulated Protective Order (Dkt. #19).

Pursuant to Fed. R. Civ. P. 26(c), protective orders should be issued "for good cause shown." This is a public court and its business should be conducted publicly unless there is a specific reason to keep things confidential. On the few occasions when protective orders are appropriate, they should be narrowly drawn with a presumption in favor of open and public litigation.

The stipulated protective order submitted in this case is deficient because if signed, it could be interpreted as an authorization to file confidential documents under seal without the need to obtain further authorization by the Court. The Court will not sign stipulated protective orders to authorize documents to be filed under seal simply based on the fact that they were marked by the parties as confidential in the course of discovery. "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Rule CR 5(g)(1). If the parties seek to file documents under seal in this case, they must obtain authorization to do so by filing a stipulation and proposed order or a motion requesting permission to file *specific* documents under seal. The stipulation or motion can either be filed prior to or contemporaneously with the documents sought to be filed under seal.

You may, of course, agree on confidentiality among yourselves, but when you request that the Court be involved, you must make the requisite showing. The stipulated protective order received by the Court will remain lodged in the file, but will not be entered.

Sincerely,

Robert S. Lasnik
United States District Judge